**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL JAVIER SOLANDO, AKA Harold Conley, AKA Dinkane, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 08-73754 <br><br> Agency No. A024-299-795 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2009
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and LYNN, [**] District Judge.

Daniel Javier Solando ("Solando") appeals the Board of Immigration

Appeals' ("BIA") decision affirming the denial of his application for deferral of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Barbara M.G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

removal under the United Nations Convention Against Torture ("CAT").  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We affirm the BIA. [1]

1. We review for substantial evidence the BIA's determination that Solando failed to show that he would more likely than not be tortured if removed to Honduras.  *Muradin v. Gonzales*, 494 F.3d 1208, 1210-11 (9th Cir. 1997).  That is, record evidence must compel reversal.  *Id*. at 1210.  To demonstrate that Solando would more likely than not be tortured, he must show that actors would specifically intend to inflict severe pain and suffering on him; where those actors are private citizens, he must show that the Honduran government acquiesces in their torturous conduct.  *Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005); *Zheng v. Ashcroft*, 332 F.3d 1186, 1194-97 (9th Cir. 2003).

2. Solando cannot establish eligibility for CAT relief based on a combination of his homosexuality, his poor health, and the state of the Honduran medical system.  This is because the record does not compel the conclusion that any private or governmental actor who might commit misconduct against Solando would intend any torturous consequences that could result from the combination of

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

his homosexuality, poor health, and the poor condition of the Honduran public health system.

3.    The record does not compel the conclusion that Solando will more likely than not be tortured based on his homosexuality alone for three reasons. First, Solando experienced violence at the hands of private actors as a gay youth in Honduras. Evidence of past torture is relevant to, but not determinative of, one's eligibility for CAT relief. *Nuru*, 404 F.3d at 1217. However, the past violence that Solando experienced does not fall within the CAT definition of torture, because he did not report the mistreatment to the police and thus cannot show government acquiescence.

Second, the record does not compel the conclusion that a gay man is more likely than not to be tortured in Honduras. The record evidences discrimination against homosexuals in Honduras, but it does not compel the conclusion that the Honduran government acquiesces in the torture of gay men. Specifically, Honduras does not criminalize gay acts, Honduran prosecutors prosecute crimes against gay people, and police misconduct against gay people does not clearly rise to the level of torture. *Cf. Bromfield v. Mukasey*, 543 F.3d 1071 (9th Cir. 2008) (holding that evidence of country conditions was sufficient to establish evidence of Jamaican government's acquiescence in torture of gay men where violence was

3

perpetrated by both government and private actors and where Jamaican law criminalized homosexual conduct).

Finally, the record does not compel the conclusion that Solando specifically would be tortured if removed to Honduras. Substantial evidence supports the BIA's decision that Solando is not a gay rights activist, transsexual, or member of another category of homosexual persons more frequently targeted for violence.

**4.** Lastly, Solando cannot establish eligibility for CAT relief based on the combination of his poor health and the failing Honduran public health system. Solando's contentions based on his health status – *e.g.*, the possibility that he might be imprisoned as homosexual, attacked in prison as weak, and then denied medical care by prison officials – are too speculative to support a grant of CAT relief. *Cf. Bosede v. Mukasey*, 512 F.3d 946, 949 (9th Cir. 2008) (considering Nigerian prison conditions in granting CAT relief to a HIV+ prisoner, in the distinguishable circumstance where a Nigerian statute mandated that he be imprisoned for five years on his return to Nigeria because of his foreign conviction for a drug offense.)

Accordingly, the decision of the BIA is **AFFIRMED**.