**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DENNIS GEOVANNY PADILLA
FAJARDO, AKA DENNIS GEOVANNY
MARTINEZ SANDOVAL,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-73695

Agency No. A046-967-458

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 5, 2016
Pasadena, California

Before: FARRIS, TYMKOVICH [**] , and M. SMITH, Circuit Judges.

Petitioner Dennis Geovanny Padilla Fajardo seeks review of the Board of

Immigration Appeals' denial of withholding of removal and relief under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Timothy M. Tymkovich, Chief Judge for the Tenth Circuit Court of Appeals, sitting by designation.

Convention Against Torture (CAT). Exercising jurisdiction under 8 U.S.C. § 1252, we DENY his petition for review.

Fajardo is a native and citizen of Honduras. He entered the United States as a lawful permanent resident in 2000. In 2011, the Department of Homeland Security issued a Notice to Appear before the immigration court. The Notice charged him with removability under section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony. An immigration judge issued an order of removal against Fajardo, and he was removed from the United States in 2011.

Fajardo unlawfully re-entered the United States in 2013. Border Patrol apprehended him and reinstated the 2011 order of removal. In response to the reinstatement, Fajardo expressed a fear of returning to Honduras. The United States Citizenship and Immigration Services Asylum Office interviewed Fajardo and determined that he had a reasonable fear of persecution in Honduras.

The USCIS referred Fajardo's case to the immigration court. In October 2013, proceeding pro se, Fajardo submitted an application for withholding of removal and protection under CAT. He based his claims on his sexual orientation and HIV-positive status. Fajardo made two persecution claims. First, he claimed an ex-boyfriend, a drug dealer, intended to kill him because Fajardo had given him

HIV. Fajardo claims he was beaten after his boyfriend discovered Fajardo had given him HIV. Fajardo believed the police would allow him to be harmed, and that there was nowhere in Honduras he could relocate safely because of his ex-boyfriend's many connections. Second, Fajardo claimed that he was targeted for extortion and harassment on account of his sexual orientation. He testified that he had been beaten by gangs who used anti-gay slurs during the attacks.

The IJ concluded that the first claim did not warrant relief because any attacks by the ex-boyfriend were motivated by personal revenge. The IJ concluded the second claim also did not warrant relief:

> [I]t is clear to me that the gangs did not seek him out to mistreat him on account of his being gay. Rather, they sought him out as the criminals that they are, looking for vulnerable victims. . . . The fact that these gangs ultimately use epithets and other anti-gay language is not tantamount to a showing that they have sought him out to punish him on account of his being a gay person.

Accordingly, the IJ denied Fajardo's application for withholding of removal and CAT protection. The BIA subsequently dismissed his appeal, agreeing with the IJ's conclusion that the attacks were motivated by personal revenge and a desire for economic gain. It found that Fajardo's sexual orientation therefore was not a central reason for his mistreatment.

We review the agency's decision for substantial evidence. "[O]ur review of BIA decisions is highly deferential; we may reverse only if the evidence in the record compels a contrary result." *Parussimova v. Mukasey*, 555 F.3d 734, 738 (9th Cir. 2009).

First, the BIA found Fajardo failed to meet his burden of establishing past persecution or an objective risk of future persecution on account of a protected ground. Fajardo testified that his boyfriend attacked him only out of a desire for revenge. We have held that attacks motivated by personal vendettas are not persecution and cannot support claims for withholding of removal. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001). The record supports the IJ's conclusion on this claim.

Next, Fajardo alleged that he was mistreated by gangs because of his sexual orientation. Under the "one central reason" standard articulated by the 2005 REAL ID Act, Pub. L. No. 109–13, div. B, 119 Stat. 231, a motive is one central reason

for persecution "if the persecutor would not have harmed the applicant if such motive did not exist." *Parussimova*, 555 F.3d at 741.[1]  As we explained:

> A central reason—one that is "primary," "essential," or "principal"—represents more than a mere "part" of a persecutor's motivation. . . .
>
> \* \* \*
>
> . . . A "central" reason is a reason of primary importance to the persecutors, one that is essential to their decision to act. In other words, a motive is a "central reason" if the persecutor would not have harmed the applicant if such motive did not exist. Likewise, a motive is a "central reason" if that motive, standing alone, would have led the persecutor to harm the applicant. As noted above, persecution may be caused by more than one central reason, and an asylum applicant need not prove which reason was dominant. Nevertheless, to demonstrate that a protected ground was "at least one central reason" for persecution, an applicant must prove that such ground was a cause of the persecutors' acts.

---

[1]  The statute provides:

> The burden of proof is on the applicant to establish that the applicant is a refugee, within the meaning of section 1101(a)(42)(A) of this title. To establish that the applicant is a refugee within the meaning of such section, the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be *at least one central reason* for persecuting the applicant.

8 U.S.C. § 1158 (emphasis added).

*Id.* at 740–41 (internal citation omitted).

The IJ concluded the gangs' attacks were driven by an economic motive, rather than Fajardo's sexual orientation. The record supports the IJ's conclusion that Fajardo's sexual orientation was not a central reason for the attacks, and it does not compel a contrary result. Fajardo's family owned a market and was known to have financial resources. The IJ found that the gangs targeted Fajardo not because he was gay, but because they believed he was a vulnerable victim. Honduran gangs target "persons from every walk of life, gay, straight, religious, irreligious, persons of every race." And even though the gang members used anti-gay slurs in extorting Fajardo, the IJ determined, "[i]t does not appear to me that [sexual orientation] is one of the central reasons for his mistreatment."

Substantial evidence also supports the agency's denial of Fajardo's CAT claim because he failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government upon his return to Honduras. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Fajardo's arguments based on suppositions about the possible chain of events that might take place in Honduras do not show that he more likely than not will be tortured when he returns there. *See Solando v. Holder*, 359 F. App'x. 872, 874 (9th Cir. 2009)

(stating the Honduran government does not acquiesce in the torture of gay men). Substantial evidence in the record supports this conclusion.

We also reject Fajardo's contentions that the agency failed to review the evidence or otherwise deprived him of due process. The agency did not abuse its discretion in denying his motion to reopen.

Appellant's motion for a name change is denied.

PETITION FOR REVIEW IS DENIED.